Bernardo Fernández González, demandante y apelado, *v.* José Rodríguez Pérez, demandado y apelante.

Núm. 7767.—*Sometido:* Mayo 16, 1939. *Resuelto:* Marzo 27, 1940.

*G. Cruzado Silva,* abogado del apelante; *Monserrat & Monserrat,* abogados del apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

José Rodríguez Pérez, deudor hipotecario, pagó en noviembre 6 de 1930, o sea tres semanas antes del vencimiento de la hipoteca, el principal de la misma, mas no así los intereses desde abril a noviembre 5. El 13 de diciembre de 1930 aceptó un giro a sesenta días fecha por $315—intereses al 7 por ciento anual sobre la hipoteca desde abril 1 a noviembre 5. En febrero 19 de 1931 el acreedor hipotecario canceló la hipoteca. En la escritura de cancelación dicho acreedor reconoce el pago de la suma de $7,500 de principal y hace constar que no quedaban intereses pendientes de cobro. Más tarde inició el presente recurso para cobrar el giro, y obtuvo sentencia a su favor.

Rodríguez sostiene que la corte de distrito cometió error:

Al dictar sentencia por la suma de $315, más intereses legales y costas, a pesar de lo que consta en la escritura de cancelación.

Al dictar sentencia contra el demandado sobre la base de prueba extrínseca que contradecía y variaba los términos de la escritura de cancelación.

El giro fué identificado, ofrecido como prueba y admitido sin objeción alguna.

La médula del testimonio del demandado es como sigue:

José Méndez (mandatario y apoderado del acreedor hipotecario) habló con el testigo sobre la cancelación de la hipoteca antes de su vencimiento. La peseta española se cotizaba muy baja. Le dijo al testigo que si pagaba antes de su vencimiento, le rebajaría los intereses en descubierto. El testigo le contestó que haría esfuerzos para reunir el dinero lo antes posible. Tan pronto como el testigo consiguió el dinero, fué donde B. Fernández con un cheque. Méndez no estaba allí, estaba enfermo en el Auxilio Mutuo. Le había dado a entender al testigo que los intereses quedaban cancelados, toda vez que el acreedor ganaría mucho más cobrando la hipoteca antes de su vencimiento y cancelando los intereses. Por eso fué que el testigo pagó los $7,500 veintiún días antes de vencer la hipoteca. El testigo aceptó el giro porque los empleados de la oficina insistían y le llamaban por teléfono. El testigo les dijo que tenía un convenio con Méndez. Le dijeron que aceptara el giro para ellos no tener que escribirle nuevamente hasta que Méndez regresara para entonces discutir con él el asunto. Después el testigo habló con Méndez por teléfono y el asunto quedó pendiente. El giro venció el 13 de febrero de 1931. La escritura de cancelación fué otorgada el 19 de febrero.

En la repregunta:

El testigo había sido comerciante y agricultor por espacio de 29 años. Cuando recibió la carta de B. Fernández & Hnos. el 25 de noviembre, él les dijo por teléfono que no les debía ese dinero. Que él había convenido en pagar el capital para aprovecharse del beneficio del cambio de moneda antes de que la peseta española subiera. Fué después de recibir esa carta que el testigo aceptó el giro el 13 de diciembre. Aceptó el giro después de recibir las dos cartas. El giro no estaba sujeto a condición alguna. No pagó el giro debido a su convenio con Méndez.

En el examen redirecto:

El giro venció el 13 de febrero de 1931. En vez de demandar al testigo, otorgaron la escritura de cancelación. Esto se hizo a virtud del convenio.

José Méndez, en refutación:

Cuando otorgó la escritura de cancelación en febrero 19 de 1931, Rodríguez les debía los $315 de intereses. El testigo tenía el giro aceptado por Rodríguez. Éste representaba el importe de los inte-

reses adeudados por Rodríguez. Él pagó los intereses con el giro. Cuando el testigo canceló la hipoteca, los intereses habían sido cancelados y el giro estaba pendiente.

El letrado del demandado se opuso a la admisión de toda prueba tendente a controvertir los términos de la escritura de cancelación a menos que surgieran las circunstancias especificadas en el artículo 25 de la Ley de Evidencia. La corte declaró sin lugar la objeción por entender que en manera alguna se trataba de una modificación. "Allí se decía que se cancelaban con los intereses, pero como los intereses se sumaron, como ya los intereses estaban en el giro, solamente había una causa de acción." La única cuestión ante la corte era el crédito que debía darse a los testigos; si hubo convenio o no. El demandado no excepcionó esta resolución de la corte y, por el contrario, procedió inmediatamente a repreguntar al testigo.

En el examen redirecto el testigo dijo que él nunca había convenido en cancelar los intereses; que jamás había sido autorizado por su poderdante para celebrar tal convenio.

Al ser repreguntado nuevamente, manifestó que había reconocido el pago porque ya se había aceptado el giro a sesenta días; que ésa era una cosa que el testigo no tuvo en cuenta. Había otorgado la escritura de cancelación porque el giro ya había sido firmado. También explicó que Rodríguez a principios no se había negado a pagar el giro, sino que repetidamente había presentado excusas y finalmente había rehusado pagarlo. Rodríguez ocupó nuevamente la silla de los testigos y contradijo esta parte del testimonio en refutación.

La conclusión de la corte de distrito fué adversa al demandado. No hallamos error manifiesto en la apreciación de la prueba. La explicación del demandado respecto a por qué aceptó el giro no obstante su supuesto convenio con Méndez, dista mucho de ser satisfactoria. La explicación ofrecida por Méndez sobre por qué hizo constar en la escritura de cancelación que no había intereses pendientes de cobro, es

la única explicación lógica de esa aseveración, a menos que creamos la declaración del demandado en torno al acuerdo de que él no tenía que pagar los intereses pendientes al tiempo de otorgarse la escritura de cancelación. Sin embargo, el juez de distrito no creyó ese testimonio y, por el contrario, aceptó como cierta la versión de Méndez. No nos es posible decir que la corte inferior debió haber rechazado como falso el testimonio de Méndez y aceptado como cierta la declaración de Rodríguez.

Méndez no hizo constar en la escritura de cancelación que se hubieran pagado los intereses en efectivo. Asumiendo, para los fines de la argumentación, que esa constancia necesariamente significaba que los intereses se hubieran pagado, no se especificaba la forma en que los mismos se hubieran satisfecho. Si esa constancia equivalía a un reconocimiento de pago, nada hay en la regla sobre prueba oral *(parol evidence rule)* que excluya evidencia que tienda a demostrar cómo el pago se había efectuado. El decir que se había recibido un giro aceptado en pago de los intereses no era inconsistente con la manifestación de que no había intereses pendientes de cobro. Nada hay en la regla sobre prueba oral que prohiba se revelen las circunstancias en que una manifestación como la contenida en la escritura de cancelación fué hecha. Aun si el demandado no hubiera esperado hasta que terminara el testimonio del demandante en refutación, la corte inferior no hubiera cometido error al declarar sin lugar la objeción a que se admitiera prueba tendente a demostrar que el acreedor hipotecario había recibido el giro aceptado en pago y en sustitución de la obligación original contenida en la escritura de hipoteca y que por este motivo había hecho constar en la escritura de cancelación que no había intereses en descubierto.

No estamos ante el caso de un deudor que en un pleito en cobro de una obligación original aduce una novación del contrato. Conforme ya se ha indicado, se trata de una acción en cobro de un giro aceptado.

El demandado alegó como defensa especial que había "satisfecho" no sólo el principal de la hipoteca, sino todos los intereses pendientes de pago al tiempo de otorgarse la escritura de cancelación y que no adeudaba al demandante suma alguna como principal ni como intereses; y que el importe del giro aceptado había sido incluído y pagado al tiempo de otorgarse la escritura de cancelación de hipoteca. Su testimonio durante el juicio tendió a demostrar que la cláusula en la escritura de cancelación no equivalía a un reconocimiento de pago en efectivo, sino que surgía más bien con motivo de un supuesto convenio anterior al giro aceptado, al efecto de que al pagarse el principal antes del vencimiento de la hipoteca, el deudor quedaría exonerado de pagar los intereses vencidos después del primero de abril. Al demandante se le permitió entonces que demostrara en refutación—sin que el demandado presentara la oportuna objeción—que la constancia en la escritura de cancelación no se debía a un convenio como el descrito por el demandado en su declaración, sino más bien al hecho de que el acreedor había recibido el giro aceptado en pago y en sustitución de la obligación original. Esta prueba no varió, modificó o contradijo la aserción contenida en la escritura de cancelación. Meramente impugnó la teoría del demandado sobre el significado de esa combinación de palabras más o menos desafortunada y ofreció en su lugar una teoría distinta que fué adoptada por el juez de distrito como la más plausible de las dos.

*Debe confirmarse la sentencia apelada.*